IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANYEL HILL, o/b/o M.H., a minor,    )
                                      )
    Plaintiff,                        )
                                      )
v.                                    ) CIVIL ACTION NO. 2:12-00266-N
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
    Defendant.                        )

ORDER

This action is before the undersigned Magistrate Judge on a motion (doc. 32) filed by William T. Coplin, Jr., plaintiff's counsel ("petitioner"), for authorization to charge an attorney's fee pursuant to 42 U.S.C. § 406(b) in connection with his representation of the Plaintiff on her claims before this Court regarding Supplemental Security Income benefits under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381-83c, on behalf of her son, M.H., a minor child.[1] Upon consideration of the motion, as amended (doc. 34), the Commissioner's lack of opposition thereto (doc. 35), and all other pertinent portions of the record, the undersigned concludes that the motion is due to be granted.

---

[1] Pursuant to the consent of the parties (doc. 27), this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R.Civ.P. 73. See Doc. 22.

Petitioner was hired by the plaintiff on February 20, 2009, to represent her in connection with her claims on behalf of her minor son for Supplemental Security Income (SSI) disability benefits and agreed to pay to the petitioner an attorney's fee equal to 25% of any accumulated past-due benefits paid to her in the event of the successful prosecution of her claim (doc. 32-2 at 1). The history of the proceedings are adequately set forth in petitioner's motion and are incorporated herein solely by reference (doc. 32-1). Upon remand of plaintiff's claims by this Court for further proceedings, plaintiff received a Fully Favorable Decision dated February 14, 2014 (doc. 32-3). Plaintiff's minor son was found to be disabled and entitled to benefits commencing September 1, 2008, his alleged onset date (*id.*). The petitioner has been advised by the Social Security Administration that the total amount of plaintiff's past due benefits is $30,185.00 (doc. 32-4 at 2), and $7,546.25 represents 25% of the plaintiff's past-due benefits (doc. 34). Plaintiff's counsel has petitioned the Social Security Administration for a fee of $6,000.00, and petitions this Court for an order authorizing a fee of $1,546.25. This request is consistent with the contingency agreement (doc. 23-2) executed by the plaintiff when she retained the petitioner.

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,

notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[2] Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted; emphasis in original); White v. Commissioner of Social Sec., 2012 WL 1900562, * 4 (M.D. Fla., May 02, 2012)(same); *see also* Meyer v. Sullivan, 958 F.2d 1029, 1035, n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht v. Barnhart, 535 U.S. 789, 808-809 (2002); *see also id.* at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.")

---

[2] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

>Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

535 U.S. at 808 (internal citations omitted). *See also* Thomas v. Astrue, 359 Fed.Appx. 968, 975 (11th Cir. 2010)("Even when there is a valid contingency fee agreement, Gisbrecht sets forth certain principles that a district court should apply to determine if the attorney's fee to be awarded under § 406(b) is reasonable.").

This Court, in line with Gisbrecht, should only reduce the amount called for by the contingency fee agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in Kay v. Apfel, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach) in favor of the contingency fee approach of other Circuits, including the Second Circuit, in Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable"); *see also* Gisbrecht, 535 U.S. at 799 & 808-09.

In this matter, the Administration has determined that the past-due disability insurance benefits to which the plaintiff is entitled to receive total $30,185.00 (doc. 32.4); 25% of this amount is $7,546.25. The contingency agreement which the plaintiff entered into on February 20, 2009 contemplates attorney's fees of as much as 25% of the claimant's past-due benefits following a favorable decision (see Doc. 25, Ex. C), and it is apparent to the undersigned that the amount requested by petitioner herein ($1546.25), when combined with the $6,000.00 the petitioner has requested from the Administration, is not more than 25% of the past-due benefits the plaintiff has been awarded in this case. Moreover, there is no evidence that the petitioner delayed this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall to the petitioner. Given the length of petitioner's relationship with the claimant and the favorable results achieved by petitioner for the claimant, the undersigned considers the requested amount reasonable.

Accordingly, it is **ORDERED** that the motion for authorization to charge an attorney's fee pursuant to 42 U.S.C. § 406(b) in the amount of $1,546.25, as a fee for services rendered before this Court, is hereby **GRANTED**. This sum, when added to the $6,000.00 the petitioner has requested from the Administration, represents 25% of the total of past-due Supplemental Security Income benefits awarded to the plaintiff. **JUDGMENT** shall be entered accordingly.

**DONE** this  7th  day of May, 2014.

>　　　　　　　　　　　　　　　　/s/ Katherine P. Nelson
>　　　　　　　　　　　　　　　　**KATHERINE P. NELSON**
>　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**